U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

OCT 0 6 2008

ROBERT H. SHEMWELL, CLERK
BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# SHREVEPORT DIVISION

REGINALD JACKSON

versus

CIVIL NO. 07-1420
JUDGE TOM STAGG

DAVID WADE CORRECTIONAL
CENTER, ET AL.

## MEMORANDUM RULING

Before the court are two motions to dismiss filed by the defendants, State of Louisiana, through the Department of Corrections ("DoC"), and Venetia Michael ("Michael"), pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. See Record Documents 26 and 31. Based on the following, the defendants' motions to dismiss are **GRANTED** in part and **DENIED** in part.

## I. BACKGROUND

### A. Introduction.

Reginald Jackson ("Jackson") filed suit on August 27, 2007 against Michael, David Wade Correctional Facility/DoC,[1] and XYZ Insurance Company for

---

[1] David Wade Correctional Center is the name of a prison owned and operated by the Louisiana Department of Public Safety and Corrections. Accordingly, a suit against this defendant is essentially a suit against the State of Louisiana. See Champagne v. Jefferson Parish Sheriff's Office, 188 F.3d 312, 314 (5th Cir. 1999).

1

employment discrimination in his termination as a Captain with David Wade Correctional Facility. The defendants filed motions to dismiss under Rule 12(b)(1) and 12(b)(6), arguing that this court lacks subject matter jurisdiction and that Jackson fails to state a claim upon which relief can be granted. Specifically, the defendants argue that Michael must be dismissed under Title VII, that some of Jackson's claims have prescribed, that the defendants are entitled to qualified immunity, that Jackson failed to timely serve his complaint, and that Jackson failed to exhaust administrative remedies as to some of his claims. Jackson filed a memorandum in opposition to the defendants' motions to dismiss, and the defendants filed a reply memorandum.

**B.  Relevant Allegations.**

According to his complaint, Jackson was denied a promotion by the defendants due to his race. See Record Document 1 at 4. Although Jackson made several inquiries as to why his promotion was denied, he never received a response from the defendants. See id. Jackson alleges that "[w]hites with less seniority retained their employment for the main reason that Plaintiff, [Jackson] is an African American male." Id. Jackson also alleges that he "was denied the right of an advancement promotion on a basis equal to that of whites similarly situated, in that he was denied a promotion [*sic*] David Wade Correctional Facility." Id. Although Jackson appears to make a claim regarding his termination, he also alleges that he is presently employed by David Wade Correctional Facility as a Captain. See id. at 1 and 3. Jackson employs a shotgun approach, alleging violations of Title VII, 42 U.S.C. §§ 1981, 1983, 1985, 1986, the Equal Protection Clause of the Fourteenth Amendment,

and La. R.S. 9:51. See id. at 3.

## II. LAW AND ANALYSIS

A.  **Standard Of Review.**

A motion to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." Priester v. Lowndes County, 354 F.3d 414, 418 (5th Cir. 2004). Courts must liberally construe the complaint in the plaintiff's favor, taking all well-pleaded facts as true. See id. To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, ___ U.S. ___, 127 S. Ct. 1955, 1974 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Id., ___ U.S. ___, 127 S. Ct at 1965. Dismissal is proper if the complaint lacks an allegation regarding a required element necessary to obtain relief. See Rios v. City of Del Rio, Tex., 444 F.3d 417, 421 (5th Cir. 2006).

Under Rule 12(b)(1), a court may consider any of the following to determine whether subject matter jurisdiction exists: "(1) the complaint alone; (2) the complaint supplemented by the undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Lane v. Halliburton, 529 F.3d 548, 557 (5th Cir. 2008). The burden of proof on a motion to dismiss for lack of subject matter jurisdiction is on the party asserting jurisdiction. See Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001). Accordingly, Jackson "constantly bears the burden of proof that jurisdiction does in fact exist." Id.

3

## B. Law And Analysis.

### 1. Prescription.

In support of their motions to dismiss, the defendants argue that because neither section 1983, 1985 nor the Equal Protection Clause include a statute of limitations, this court should apply Louisiana's one-year period. See Record Document 31 at 8. Jackson argues that the "cause of action in this case 'arises under an Act of Congress enacted' after December 1, 1990–and therefore is governed by [28 U.S.C.] § 1658's 4-year statute of limitations since plaintiff's claim against the defendant was made possible by a post-1990 enactment." Record Document 34 at 4.

When a federal statute does not contain a statute of limitations, courts should apply "the most appropriate or analogous state statute of limitations." Jones v. R.R. Donnelley & Sons Co., 541 U.S. 369, 371, 124 S. Ct. 1836, 1839 (2004). However, for actions arising under federal statutes enacted after December 1, 1990, courts must apply a catchall four-year statute of limitations. See 28 U.S.C. § 1658. If state law will determine the applicable period, Louisiana's one-year prescriptive period for torts applies. See Bourdais v. New Orleans City, 485 F.3d 294, 298 (5th Cir. 2007); see also La. Civ. Code art. 3492.[2]

### a. Section 1983 Claims.

For claims arising under section 1983, the Fifth Circuit holds that the

---

[2]Even though section 1981 does not contain a statute of limitations, the defendants concede that Jackson's claim arises under the post-1990 amendment to section 1981. See Record Document 36 at 5. Accordingly, section 1658's four-year catchall period applies. See Jones, 541 U.S. at 383, 124 S.Ct. at 1845.

4

applicable statute of limitation is that which the state would apply in an analogous action in its courts. See Bourdais, 485 F.3d at 298. This period is one year under Louisiana law. See id. Jackson became aware that he was denied a promotion on June 5, 2006.[3] From this date, Jackson had one year to file suit under section 1983. As his complaint was not filed until August 27, 2007, Jackson's section 1983 claims are prescribed. Accordingly, the defendants' motions to dismiss Jackson's section 1983 claims are **GRANTED**.

### b. Section 1985 Claims.

The defendants rely on Bourdais for the proposition that claims under section 1985 are also subject to Louisiana's one-year prescriptive period. See Record Document 36 at 4. While the court is not convinced that the defendants' interpretation of the holding in Bourdais is accurate, several district courts and other circuit courts have applied the personal injury statute of limitation in the forum state to section 1985 claims. See Cleveland v. Union Gen. Hosp., No. 07-00119, 2007 WL 4693806, at *2 (W.D. La. Nov. 14, 2007)("As there is no prescriptive period listed in § 1983, the forum state's prescriptive period for personal injury torts is used. Likewise, the same prescriptive period applies if the claim is brought under § 1985."); Moreno v. Curry, No. 4:06-CV-238-Y, 2006 WL 3207984, at *3 (N.D. Tex. Nov. 7, 2006)("The personal-injury statute of limitations also applies to a claim under 42 U.S.C. § 1985."); Allen v. Winfield, No. 3:04-CV-2504-B, 2006 WL 1674096, at *3

---

[3]Jackson's memorandum in opposition to the motions to dismiss incorrectly states this date as June 05, 2007. See Record Document 34 at 4.

(N.D. Tex. June 12, 2006)("[T]he rationale for applying the state personal injury limitation period to § 1983 actions applies equally to § 1985 actions."); Callwood v. Questal, 882 F.2d 272, 274 (3rd Cir. 1998); McDougal v. Country of Imperial, 942 F.2d 668, 673-74 (9th Cir. 1991). This court agrees with its sister courts and will apply the prescriptive period of one year to Jackson's section 1985 claims. Accordingly, the defendants' motions to dismiss Jackson's section 1985 claims are **GRANTED**.

### c. Equal Protection Clause Claims.

The defendants also cite Bourdais for the proposition that claims under the Equal Protection Clause are subject to a one-year prescriptive period. See Record Document 36 at 4. As section 1983 provides the vehicle through which Jackson alleges his claims under the Equal Protection Clause, they too are subject to a one year statute of limitation. See 42 U.S.C. § 1983. Accordingly, the defendants' motions to dismiss Jackson's Equal Protection Clause claims are **GRANTED**.

### d. Section 1986 Claims.

Section 1986 specifically includes a one-year statute of limitations for claims brought under that provision. See 42 U.S.C. § 1986. Accordingly, the defendants' motions to dismiss Jackson's section 1986 claims are **GRANTED**.

### 2. Sovereign Immunity Under The Eleventh Amendment.

### a. Claims Against The State.

In support of its motion to dismiss, the DoC argues that Jackson's claims under sections 1981, 1983, 1985, and 1986 are barred by the Eleventh Amendment. See

6

Record Document 31 at 4. "The [E]leventh [A]mendment clearly interposes a jurisdictional bar to suits against a state by private parties who seek monetary relief from the state in the form of compensatory damages, punitive damages, or monetary awards in the nature of equitable restitution, and also to suits against a state agency or state official when the monied award is to be paid from the state treasury." Clay v. Texas Women's Univ., 728 F.2d 714, 715 (5th Cir. 1984). Although the Eleventh Amendment does not preclude lawsuits against the state seeking prospective injunctive relief, a suit seeking monetary damages is barred. See Cozzo v. Tangipahoa Parish Council-President Gov't., 279 F.3d 273, 280 (5th Cir. 2002).

Here, Jackson is seeking back pay, compensatory damages for mental anguish, pain, suffering, humiliation and physical injuries, punitive damages, attorney fees, and costs. See Record Document 1 at 5. There is no indication that Jackson is seeking prospective or injunctive relief. See id. Accordingly, Jackson's civil rights claims against the DoC, a state agency, are barred by the Eleventh Amendment.[4]

### b. Claims Against Michael.

In support of her motion to dismiss, Michael first argues that any claims brought against her in her official capacity for monetary damages are barred by the Eleventh Amendment. See Record Document 26 at 4. A lawsuit against a state employee in her official capacity is equivalent to an action against the state itself. See Will v. Mich. Dep't of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312 (1989).

---

[4] The defendants concede that this argument does not apply to Jackson's Title VII claims. See Record Document 31 at 6.

As Jackson's claims against Michael in her official capacity are equivalent to an action against the state, they too are barred by the Eleventh Amendment.[5]

Second, Michael argues that the doctrine of qualified immunity shields her from liability as a state official acting in her personal capacity. See Record Document 26 at 14. According to the Supreme Court, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S. Ct. 2727, 2738 (1982). "To determine whether an official is entitled to qualified immunity, the court asks (1) whether the plaintiff has alleged a violation of a constitutional right, and (2) whether the defendant's conduct was objectively reasonable in light of the clearly established law at the time of the incident." Connely v. Tex. Dept. Of Criminal Justice, 484 F.3d 343, 346 (5th Cir. 2007). As Michael invoked qualified immunity as a defense, the burden is on Jackson to demonstrate the inapplicability of the defense. See McClendon v. City of Columbia, 305 F.3d 314, 323 (5th Cir. 2002).

When a plaintiff sues a public official under section 1983, the district court must insist on a "heightened pleading" standard. Reyes v. Sazan, 168 F.3d 158, 161 (5th Cir. 1999). "[T]he court may, in its discretion, insist that a plaintiff file a reply tailored to an answer pleading the defense of qualified immunity." Schultea v. Wood,

---

[5]As there is no indication that Jackson is seeking prospective injunctive relief, the narrow exception of Ex Parte Young, 209 U.S. 123, 28 S. Ct. 441 (1908) is inapplicable.

47 F.3d 1427, 1430-32 (5th Cir. 1995). Here, Jackson had the opportunity to reply to Michael's defense of qualified immunity in his memorandum in opposition to the motions to dismiss. Not surprisingly, Jackson merely reiterated the conclusory allegations that "plaintiff was passed over for rank promotion by Warden Michael" and that "[o]ther employees who where white who have less experience, education and training were promoted...." Record Document 34 at 8. As these allegations are insufficient to demonstrate the inapplicability of the qualified immunity defense, this court exercises its discretion to order Jackson to file an amended complaint that puts forth factual allegations "with sufficient precision and factual specificity to raise a genuine issue as to the illegality of defendant's conduct at the time of the alleged acts." Schultea, 47 F.3d at 1432-34. The court directs Jackson to plead his "best case," in accordance with Schultea and its progeny.

3.   **State Law Claims.**

According to his complaint, Jackson alleges that the defendants violated La. R.S. 9:51. See Record Document 1 at 2. This statute, entitled "Civil rights and duties," reads:

> Women have the same rights, authority, privileges, and immunities, and shall perform the same obligations and duties as men in the holding of office including the civil functions of tutor, under tutor, curator, under curator, administrator, executor, arbitrator, and notary public.

The clear inapplicability of La. R.S. 9:51, combined with the defendants' motions to dismiss, should have put Jackson on notice that this claim needed clarification. Nevertheless, Jackson failed to mention this claim in his memorandum

in opposition to defendants' motions to dismiss. As Jackson did not plead enough facts to state a claim for relief that is plausible on its face, the defendants' motions to dismiss Jackson's state law claim are **GRANTED**.[6]

### 4. Title VII Claims.

In her memorandum in support of her motion to dismiss, Michael argues that Jackson's Title VII claim against her must be dismissed as there is no individual liability under Title VII. See Record Document 26 at 7. Again, Jackson failed to respond to this argument.

Under Title VII, an employer may not discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race. See 42 U.S.C. § 2000e-2(a)(1). Although Title VII defines "employer" to include any agent of the employer, the Fifth Circuit does not interpret the statute to impose individual liability on the agent. See Indest v. Freeman Decorating, Inc., 164 F.3d 258, 262 (5th Cir. 1999). "[R]elief under Title VII is available only against an employer, not an individual supervisor or fellow employee." Foley v. Univ. of Houston Sys., 355 F.3d 333, 340 (5th Cir. 2003); Ackel v. Nat'l Commc'ns, Inc., 339 F.3d 376, 381 (5th Cir. 2003)("Individuals are not liable under Title VII in either their individual or official capacities"). Accordingly, Michael's motion to dismiss Jackson's Title VII claim against her is **GRANTED**.

---

[6]The Eleventh Amendment also precludes a federal court from hearing a claim against a state official acting in his or her official capacity for violations of state law regardless of whether the relief sought is prospective or retroactive. See Pennhurst State Sch. And Hosp. v. Halderman, 465 U.S. 89, 106, 89 S.Ct. 900, 911 (1984).

## III. CONCLUSION

Based on the foregoing analysis, the defendants' motions to dismiss are **GRANTED** regarding Jackson's Title VII claim against Michael, his section 1981 claim against the DoC, and his section 1983, 1985, 1986, Equal Protection, and La. R.S. 9:51 claims against both Michael and the DoC. The defendants' motions to dismiss are **DENIED** in respect to Jackson's section 1981 claim against Michael and his Title VII claim against the DoC. Jackson shall file an amended complaint, due on or before October 24, 2008, to address the qualified immunity defense raised by Michael, as discussed above. See Schultea, 47 F.3d 1427 (5th Cir. 1995).

**THUS DONE AND SIGNED** at Shreveport, Louisiana, this 6th day of October, 2008.

JUDGE TOM STAGG